Court of Chancery—Dreier v. Senger.

GARRETT DREIER and HARRY DREIER, executors and trustees of the estate of Samuel Dreier, deceased, complainants,

v.

BERTHA SENGER, DAVID DREIER, YETTA YOOD and ISADORE NEWCORN, defendants.

[Decided July 30th, 1925.]

Wills—Construction—Doubtful Clauses Quoted and Held that, at Examination of Period of Trust, Both Real and Personal Estate Shall Be Divided, that the Provisions of Will Contemplate Equal Parts "as Nearly as May Be," that if Real Estate Cannot Be Equally Divided the Personal Estate May Be Divided to Adjust Unequalities.

On final hearing.

*Mr. William Newcorn,* for the complainants.

*Mr. Martin B. Stutsman,* for the respondents.

BUCHANAN, V. C.

The bill is filed by the complainants as executors and trustees under the will of Samuel Dreier, deceased, for instuctions and directions

Testator died July 30th, 1910. His will named complainants as executors; provided for payment of debts and testamentary expenses; gave one Anna Subschinski a bedroom suit and a life estate in a certain piece of real estate, and then proceeds as follows:

"Fourth. All the rest, residue and remainder of my estate of whatsoever kind and description and wheresoever situated, I give, devise and bequeath to Garret Dreier, of the city of New Brunswick, and Harry Dreier, of the city of Plainfield, New Jersey, in trust, nevertheless, for my heirs until fifteen (15) years after by death, at

49

which time said estate shall be divided into five (5) equal parts, as nearly as may be; one part to my son Garret Dreier; one part to my son Harry Dreier; one part to my daughter Bertha Senger, wife of Charles P. Senger; one part to my son David Dreier, and one part to my two (2) grandchildren, Yetta Newcorn and Isadore Newcorn, children of my daughter Rachel Newcorn, deceased, to them, their heirs or assigns.

"After my decease and until the time of distribution as herein mentioned, I direct my executors hereinafter named to take charge of my estate, and to lease said premises to the best advantage, and, after deducting the necessary expenses of maintaining said property, to divide the remainder of the income into five (5) equal parts and pay the same to the beneficiaries as hereinabove named, in monthly or quarterly payments, as may be most convenient, with the provision that in case either of the children of my daughter Rachel Newcorn, deceased, shall die before the time of distribution and without leaving lawful issue, then the share of such grandchild to go to the remaining grandchild, and in case both of the said grandchildren shall die before time of distribution without leaving lawful issue, then I direct the one-fifth proportion of my estate as herein bequeathed to the children of Rachel Newcorn shall be equally divided between by heirs-at-law, the children of any deceased child to inherit the parent's share."

Anna Subschinski is still living, as are also the five named *cestuis que trustent.* The fifteen-year period had not elapsed at the filing of the bill. Decedent died seized of some ten parcels of real estate (including one in which Anna Subschinski has a life interest) of divers characteristics and values.

Complainants ask determination by decree of this court as to whether they shall divide and distribute the real estate aforesaid amongst the *cestuis;* or whether they should make sale thereof and divide the proceeds; whether they have power to sell and can give marketable title without the *cestuis* joining in the conveyances.

It seems to me that the will, properly interpreted, directs the trustees to divide and convey the real estate among the five *cestuis.* It expressly gives the trustees the legal title to all the residuary estate, and directs that at the end of fifteen years from testator's decease "the estate shall be divided into five equal parts as nearly as may be, one part to my son," &c. The clear implication is that the trustees shall so divide and distribute.

It does not appear that such division and distribution is impossible. The case was submitted by stipulation upon bill, answers and replications. The bill alleges and the answers admit that "it has been questioned * * * whether it is feasible or practicable to divide the real estate into five equal parts fairly and equitably between the devisees," but there is no allegation that such division is in fact not practicable, nor any allegation of facts necessitating such a conclusion. If this were a partition suit, no master could determine the paucity of facts before the court whether or not the premises were actually partible. Moreover, it is to be observed that the will directs the division, not merely of the real estate alone, but of the entire trust estate, personalty as well as realty. Presumably, if inequalities be inevitable as amongst five parts of real estate, they can be corrected in the apportionment of the personal property.

It is to be noted that the two trustees, who are also two of the *cestuis que truslent,* are parties to the suit only as trustees and not as individuals. This should be corrected before decree.